DAVID LOPEZ, ESQ.  DL-6779
Attorney for Plaintiffs
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:            631.287.5520
Fax:            631.283.4735
e-Mail:     DavidLopezEsq@aol.com

MIRIAM TAUBER, ESQ.  MT-1979
MIRIAM TAUBER LAW PLLC
Attorney for Plaintiffs
885 Park Avenue  2A
New York, New York 10075
Tel:            323.790.4881
e-Mail:     MiriamTauberLaw@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBORAH DONOGHUE and
AARON RUBENSTEIN,

    Plaintiffs,

- against -

BUFFALO WILD WINGS INC.,

    Nominal Defendant,

-and –

MARCATO CAPITAL MANAGEMENT LP,
MARCATO INTERNATIONAL MASTER
FUND, LTD., MARCATO SPECIAL OPPOR-
TUNITY MASTER FUND LP, and
RICHARD MCGUIRE,

    Defendants.

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS
UNDER 15 USC 78p(b)

Jury Trial Demanded

1

DEBORAH DONOGHUE and AARON RUBENSTEIN, by David Lopez, Esq. and Miriam Tauber, Esq., their attorneys, complaining of the defendants, respectfully allege the following upon information and belief, except as to paragraph 2 which plaintiffs allege on personal knowledge.

**JURISDICTION:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b), and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

**THE PARTIES AND VENUE:**

2. Plaintiffs are security owners of BUFFALO WILD WINGS INC, (BUFFALO), a Minnesota Corporation with principal offices at 5500 Wayzata Boulevard, Suite 1600, Minneapolis, MN 55416.

3. At all times relevant the common stock of BUFFALO was registered under Section 12(b) of the Act and was and is traded on the NASDAQ Global Select Market, a National Securities Exchange located within this district. One or more of the purchases or sales to be described took place upon such exchange.

4. BUFFALO does business and is resident in and is found within the State of New York through 19 company owned and 20 franchised stores, more or less, one or more of which is located within the district.

5. This action is brought in the right and for the benefit of BUFFALO which is named as a party defendant solely in order to have all necessary parties before the court.

6. At all times relevant MARCATO CAPITAL MANAGEMENT LP, MARCATO INTERNATIONAL MASTER FUND, LTD, MARCATO SPECIAL OPPORTUNITY MASTER FUND LP (Collectively "THE MARCATO ENTITIES) and RICHARD MCGUIRE (MCGUIRE) were and are insiders of BUFFALO, to wit: THE MARCATO ENTITIES are directors by deputization and MCGUIRE is a director. They are thereby fiduciaries of BUFFALO. MCGUIRE SITS on the Board of Directors of BUFFALO as the designee of THE MARCATO ENTITIES.

7. THE MARCATO ENTITIES and MCGUIRE maintain a principal place of business or are found at Four Embarcadero Center, Suite 2100, San Francisco, CA 94111.

## STATUTORY REQUISITES:

8. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

9. Demand for prosecution was made on BUFFALO by each of the plaintiffs separately on November 30, 2017.

10. Sixty days have expired from the date of those demands and BUFFALO has failed to collect or to initiate collection of the short-swing profits due to it.

11. Further delay in the filing of suit would be a futile gesture.

12. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

13. MARCATO INTERNATIONAL MASTER FUND LTD., acting for its own pecuniary interest and the pecuniary interests of THE MARCATO ENTITIES and MCGUIRE sold short against the box on the open market 200,094 shares of the common stock of BUFFLAO on November 28, 2017, an additional 602,160 such shares on November 29, 2017, and an additional 185,030 such shares on November 30, 2017.

14. THE MARCATO ENTITIES and MCGUIRE purchased 9,100 shares of the common stock of BUFFALO at lower prices within six months of the sales aforesaid on August 1, 2017.

15. The foregoing purchases and sales may be matched against one another using the "lowest-in, highest-out" method to produce profits recoverable from

THE MARCATO ENTITIES and MCGUIRE. The amounts of such profits are unknown to Plaintiff but are estimated to approximate $415,000.00.

16. Such profits are recoverable on behalf BUFFALO by Plaintiffs as its shareholders, BUFFALO having failed or refused to recover in its own right and for its own benefit.

**SECOND CLAIM FOR RELIEF:**

17. This Second Claim For Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

18. THE MARCATO ENTITIES and MCGUIRE, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of BUFFALO, including but not limited to those described in the FIRST CLAIM FOR RELIEF, within periods of less than six months of each other while insiders and thereby fiduciaries of BUFFALO.

19. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while insiders and fiduciaries of BUFFALO, THE MARCATO ENTITIES and MCGUIRE realized profits, the exact amounts thereof being unknown to Plaintiffs, which profits inure to the benefit, and are recoverable by Plaintiffs on behalf, of BUFFALO.

**WHEREFORE**, Plaintff demands judgment:

a) Requiring THE MARCATO ENTITIES and MCGUIRE to account for and to pay over to BUFFALO the short-swing profits realized and retained by them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiffs their costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

c) Granting to Plaintiffs such other and further relief as the court may deem just and proper.

Dated:   Southampton, New York
         January 30, 2018

Yours, etc.

_____
David Lopez, Esq